IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERIC S. TAYLOR | * | |
| Petitioner | * | |
| v | * | Civil Action No. CCB-14-464 |
| WARDEN JOHN WOLFE, *et al*. | * | |
| Respondents | * | |

***

# MEMORANDUM

The above-captioned petition for writ of habeas corpus was filed on February 18, 2014. Respondents were directed to file a limited response addressing only the timeliness of the petition and have done so. ECF 4. Petitioner filed a reply addressing respondents' assertion that the petition should be dismissed as time-barred. ECF 7. No hearing is necessary for the disposition of this case. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2014); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (explaining that a petitioner is not necessarily entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons that follow, the petition will be dismissed and a certificate of appealability shall not issue.

## Background

The petition, filed pursuant to 28 U.S.C. §2254, concerns petitioner's March 6, 1991 conviction for attempted first degree murder, attempted armed robbery, and a related weapons offense following a jury trial in the Circuit Court for Baltimore City, Maryland. ECF 4 at Ex. 1 and 4. On April 17, 1991, petitioner was granted a new trial on the attempted murder charge and, in lieu of re-trying petitioner, the State "nol prossed" the charge. For the remaining attempted armed robbery and weapons offense, petitioner was sentenced to serve 40 years in

prison. *Id*. Petitioner's conviction was affirmed on appeal in an opinion dated April 21, 1992, issued by the Court of Special Appeals of Maryland. ECF 4 at Ex. 2. Petitioner sought no further review of the judgment.

On February 7, 1994, petitioner initiated post-conviction proceedings in the Circuit Court for Baltimore City. ECF 4 at Ex. 4, p. 2. After a hearing on July 20, 1994, post-conviction relief was denied in a decision dated August 12, 1994. Petitioner's application for leave to appeal the denial of post-conviction relief was denied by the Court of Special Appeals on December 1, 1994. For purposes of federal habeas relief, the one-year statute of limitations expired (unless tolled) on April 24, 1997, one year after the effective date of AEDPA.[1]

On December 7, 2008, petitioner filed a motion to re-open post-conviction proceedings which was denied on February 5, 2009. *Id*. at Ex. 4. His application for leave to appeal was denied by the Court of Special Appeals on May 4, 2010; the mandate issued on June 3, 2010. *Id*. at Ex. 5. Petitioner filed three motions to correct illegal sentence in 2009 and 2010. *Id*. at Ex. 6. The motions were denied and the decision denying the motion filed on September 23, 2010, was affirmed by the Court of Special Appeals on May 28, 2013. *Id*.

In the instant petition, the claims asserted are as follows: (1) petitioner's sentence was enhanced as a mandatory consecutive sentence as a second or subsequent offense when there was no first offense; (2) the State did not comply with Maryland law making the mandatory sentence improper; (3) the State relied on charges at sentencing for which petitioner was never found

---

[1] On April 24, 1996 President Clinton signed the Antiterrorism and Effective Death Penalty Act of 1996 into law. Among the changes made by this law was the addition of a one year statute of limitations in non-capital cases for persons convicted in a state court. Although the statute is silent as to how it should be applied to persons whose convictions were finalized before April 24, 1996, it was later clarified that such persons had one year from the effective date, i.e., until April 24, 1997, to file a petition for writ of habeas corpus in federal court. *Hernandez v. Caldwell*, 225 F. 3d 435, 439 (4th Cir. 2000). This one year period is, however, tolled while properly filed post-conviction proceedings are pending. 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

guilty in order to support imposition of a mandatory sentence; and (4) the sentence imposed was imposed pursuant to a statute under which petitioner was never charged.  ECF 1 at p. 6.

## Statute of Limitation

As set forth above, the filing deadline for petitioner's federal habeas corpus review under 28 U.S.C. §2254 was April 24, 1997.  Specifically under 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> > (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party.'"  *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002) quoting *Harris v. Hutchinson,* 209 F. 3d 325, 330 (4th Cir. 2000).  To be entitled

to equitable tolling, petitioner in the instant case must establish either that some wrongful conduct by respondents contributed to his delay in filing his petition or that extraordinary circumstances beyond his control caused the delay. *See Harris*, 209 F. 3d at 330.

**Analysis**

In his reply petitioner clarifies that he "was sentenced to 20 years under [Art.] 27 §486 [and] 487 by sentencing Judge whom did not have the jurisdiction to do so because petitioner was on trial and defended only Art. 27 §488 [and] 489." ECF 7 at p. 1. He further states that he was then sentenced to a mandatory consecutive 20 year sentence which did not comply with Maryland law. *Id*. at pp. 1 -2 . At sentencing the State's attorney told the judge that petitioner had been found guilty of assault in July of 1983, but no case number was provided for the prior conviction. Petitioner claims the case number was hidden from him by the State and he spent years during his incarceration attempting to find the case number.

Petitioner states he received documents in 2009 from the Circuit Court for Baltimore City, including a copy of the "entire term of confinement" which included the missing case number. Petitioner asserts that the July 1983 handgun violation triggered an automatic consecutive sentence under Art. 27 §36B(d)(2) and "that conviction denied petitioner his constitutional right to allocution to argue for a lesser or concurrent sentence, violating Federal Rule 35." ECF 7 at p. 2.

Although inartfully stated, it appears petitioner is asserting that his petition should be considered timely under 2244(d)(1)(B), because the State allegedly created an impediment by failing to provide the case number for the July 1983 case at sentencing. He has not, however, provided enough information for this court to conclude that the missing case number was an impediment or that the State purposely did not provide it. Moreover, petitioner knew about the

reliance on the 1983 case at the time he was sentenced and knew of the disposition in that case as well. There is no objective evidence that the lack of a case number prohibited petitioner from raising his claim; thus, his assertion that there was a state-created impediment to filing his federal habeas petition fails.

The petition for writ of habeas corpus is time-barred with no applicable exception, nor evidence that would merit equitable tolling. Accordingly, the petition must be dismissed. When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee,* 252 F.3d 676, 684-85 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)).

A separate order follows.

October 6, 2014                                                   /S/
Date                                                               Catherine Blake
                                                                      United States District Judge